IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 12-113 |
| v. | ) | CV 17-597 |
| | ) | |
| KEONTAE SPEARS | | |

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant pleaded guilty to a lesser included offense of Count 1, 18 U.S.C. § 846. On February 17, 2015, he was sentenced to a term of imprisonment of 151 months, followed by a term of supervised release.[1] By certified order in lieu of mandate, on March 17, 2016, the Court of Appeals' summarily enforced Defendant's appellate waiver. Subsequently, on May 8, 2017, Defendant filed a Motion to Vacate, pursuant to 28 U.S.C. § 2255, in this Court. Briefing was complete on December 18, 2017, and the matter is now ripe for disposition. For the following reasons, Defendant's Motion will be denied, and no certificate of appealability shall issue.

### OPINION

I.     APPLICABLE STANDARDS

    A.  Section 2255

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only when 'the claimed error of

---

[1] Judge McVerry presided over this matter until it was transferred to my docket on January 17, 2017, prior to Defendant's filing of the pending Section 2255 Motion.

1

law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402, 404 (3d Cir. 2004). In this case, an evidentiary hearing is unnecessary, and the Motion will be disposed of on the record.

II. **DEFENDANT'S MOTION**

**A. Timeliness**

The Government contends that Defendant's Motion is untimely. Because Defendant waived his right to appeal, it argues, Defendant was required to file his Section 2255 Motion by March 13, 2016 at the latest.

Pursuant to Section 2255(f), a Defendant must file for collateral relief within one year of the date that his conviction becomes final. A conviction becomes final, if the defendant has appealed, when the time for seeking certiorari expires. The time for seeking certiorari expires ninety days after the appeal has been disposed of. I understand the Government's consternation regarding the potential manipulation of time limitations. Nonetheless, courts have applied the full ninety-day period in the context of an appeal later dismissed due to an appellate waiver. See, e.g., Walker v. United States, No. 14-625, 2017 U.S. Dist. LEXIS 159862 (M.D. Ala. Sep. 27, 2017). This approach respects the possibility of a non-frivolous argument, even if ultimately rejected by the appellate court, that an appellate waiver is invalid. I will consider Defendant's Motion timely.

2

### B. Ineffective Assistance of Counsel

Defendant contends that counsel was ineffective in two respects: 1) by failing to challenge his career offender status; and 2) by failing to challenge the Court's conclusion that he had a history of violence.

#### 1. Applicable Standards

In order to demonstrate ineffective assistance, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir.1989). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844. A Court's review of ineffective assistance claims must be "'highly deferential,' and avoid "the distorting effect of hindsight." Strickland, 466 U.S. at 689. Thus, it is "only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." Gray, 878 F.2d at 711.

Under these standards, "[j]ust as counsel is not obliged to advance every available nonfrivolous argument, so counsel is not necessarily ineffective for failing to investigate every conceivable matter inquiry into which could be classified as nonfrivolous." Smith v. Collins, 977 F.2d 951 (5th Cir. 1992) (citations omitted); see also Ballinger v. United States, No. 13-537,

3

2016 U.S. Dist. LEXIS 62327, at *23 (S.D. Ill. May 11, 2016). Accordingly, counsel should not be deemed ineffective for failing to raise a challenge that is not "so obvious." See, e.g., Royal v. Netherland, 4 F. Supp. 2d 540, 562 (E.D. Va. 1998). Instead, "effective assistance generally requires focus on the strongest arguments available." Ballinger, 2016 U.S. Dist. LEXIS 62327, at *23.

### 1. Career Offender Enhancement

As to the first contention, Defendant argues that counsel was ineffective for failing to challenge his career offender status, and failing to assert that his prior Pennsylvania convictions for possession with intent to deliver, under 35 P.S. § 780-113(a)(30), are not qualifying predicates. He asserts that trial counsel was ineffective for failing to investigate, challenge, or object to the Court's findings on the basis of Descamps v. United States, 133 S. Ct. 2276 (2013), because the Pennsylvania statute's "deliver" element sweeps more broadly than equivalent federal statutes. In particular, Defendant's contention rests on the fact that Pennsylvania defines "delivery," in Section 780-102, as possibly involving a "drug, device or cosmetic." Thus, he argues, it sweeps more broadly than federal law, in which delivery can involve only a controlled substance or listed chemical.[2]

The definitional section of Pennsylvania's criminal statutes, Section 780-102, provides as follows: "'DELIVER' or 'DELIVERY' means the actual, constructive, or attempted transfer from one person to another of a controlled substance, other drug device or cosmetic whether there is an agency relationship." Section 780-113(30), however, which formed the basis for Defendant's sentencing enhancement, is self-narrowing. That Section prohibits "the

---

[2] Because Defendant's argument rests on a comparison of what is "delivered," his argument differs from that raised in United States v. Glass, 701 F. App'x 108, 112-13 (2017), and now pending at Third Circuit Court of Appeals docket no. 16-2906, which focuses on a comparison of how the "delivery" must occur.

4

manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance…." Accordingly, Section 780-113(30) is facially restricted to include only the "controlled substances" portion of Section 780-102's definition, and exclude the "other drug, device, or cosmetic" portion of the definition. The particular use of "deliver," in Section 780-113(30), does not and cannot involve an "other drug, device or cosmetic." Defendant proffers no judicial authority to support his argument, and I have found none. Thus, the statute of conviction does not, in the manner urged, sweep more broadly than federal law. Defendant's argument is rejected.

In any event, Defendant's Motion depends not on whether Pennsylvania "delivery" actually sweeps more broadly than the federal offense, but on whether counsel was ineffective in failing to so argue. Extant case law that might support a breadth argument, such as <u>United States v. Glass</u>, 701 F. App'x 108, 112-13 (2017) and the cases cited therein, postdates Defendant's sentencing proceedings. I find no similar precedent interpreting Pennsylvania law existing at the time of Defendant's sentence. Defendant states that "pertinent case law and statutory language" were known to trial counsel, but he identifies no such case law. As the Court of Appeals indicated in <u>Glass</u>, even as of 2017, it appeared that an arguably related breadth argument might not "carry the day." <u>Glass</u>, 701 F. App'x at 113. Moreover, as the Government points out, counsel's failure to raise the challenge was not unreasonable in light of case law that predated Defendant's sentencing. Trial counsel cannot be deemed constitutionally ineffective for having failed to raise an earlier challenge. Moreover, as a result, there is no reasonable probability that the outcome would have been different had counsel raised the identified challenge. Defendant's Motion will be denied to that extent.

### 1. "History of Violence"

Defendant challenges the manner in which the Court considered 18 U.S.C. § 3553(a), and counsel's failure to object thereto. After pronouncing Defendant's sentence, the Court declined to depart downward due to Defendant's "role in the conspiracy and history of violence." Because Defendant had no prior convictions for "truly violent crimes," he argues, the Court's statement and consequent sentence were in error.

A sentencing court considers, inter alia, "the history and characteristics of the defendant." 18 U.S.C. 3553(a)(1). This provision represents a "broad notion." United States v. Bradley, 644 F. 3d 1213, 1296 (11th Cir. 2011). The Court explicitly stated that it had reviewed the presentence report, the sentencing memoranda, and letters filed on Defendant's behalf. At sentencing, the Government produced evidence suggesting that Defendant was a supplier to, and member of, a "violent local street gang and drug distribution organization." Defendant attempts to undermine the credibility or weight of that evidence, but does not suggest that the Court was without grounds to accept or consider the evidence. Moreover, Defendant points to no authority that limits a Court, in assessing a Defendant's "history and characteristics," to considering only a Defendant's formal criminal record. Counsel was not ineffective, within the meaning of Strickland, for failing to object to the Court's comment; moreover, there are no grounds for finding a reasonable probability that the outcome would have been different had counsel objected.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Defendant has made no such showing here, and no certificate of appealability shall issue.

### CONCLUSION

In conclusion, Defendant has not demonstrated a fundamental defect that inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure, and his Motion to Vacate will be denied. No certificate of appealability shall issue. An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: May 3, 2018

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 12-113 |
| v. | ) | CV 17-597 |
| | ) | |
| KEONTAE SPEARS | | |

## ORDER

AND NOW, this 3rd day of May, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is DENIED. No certificate of appealability shall issue.

BY THE COURT:

*Donetta F. Ambrose*
_____

Donetta W. Ambrose

Senior Judge, U.S. District Court