**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 12-113 |
| | ) |
| v. | |
| KEONTAE SPEARS | |

**MEMORANDUM ORDER**

In this action, Defendant pleaded guilty to a lesser included offense of Count 1s, a violation of 18 U.S.C. § 846. On February 15, 2015, Judge McVerry sentenced him to a term of imprisonment of 151 months, followed by a three-year term of supervised release. According to the BOP inmate locator, Defendant is presently housed at FCI Beckley, with a release date of May 6, 2022.[1] Defendant filed a counseled Motion for relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government responded; Defendant replied and filed an additional supplement to his Motion.

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13. Here, Defendant suffers from obesity and diabetes. The Government concedes that he has presented "extraordinary and compelling circumstances," but opposes Defendant's Motion solely based on the Section 3553 factors.

---

[1] FCI Beckley reports 16 COVID-19 inmate cases, and 3 guard cases. https://www.bop.gov/coronavirus/ (accessed Dec. 18, 2020). The facility houses 1,417 inmates. https://www.bop.gov/locations/institutions/bec/ (accessed Dec. 18, 2020). Allegheny County, to which Defendant proposes release, has recently reported record highs of COVID-19 cases. See, e.g., https://www.post-gazette.com/news/health/2020/12/11/COVID-19-allegheny-county-pittsburgh-pennsylvania-cases-deaths-data-1/stories/202012110128 (accessed Dec. 11, 2020).

1

In addition to demonstrating extraordinary and compelling circumstances, Defendant must also demonstrate that he is not a danger to the safety of a person or to the community, and that the factors set forth in Section 3553(a) warrant a reduction in the Defendant's sentence. Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a). The conviction of serious crimes is not an absolute bar to compassionate release, and in terms of criminal history, the Court must consider Defendant as he stands before the Court today. United States v. Sperry, No. 18-121, 2020 U.S. Dist. LEXIS 165012, at *4 (W.D. Pa. Sep. 10, 2020).

Defendant's drug crime was serious, as he was involved for approximately one year in a heroin trafficking scheme. In addition, his criminal history includes other drug-related crimes. The Court notes that had Defendant not been characterized as a career offender at his 2015 sentencing, his sentence of imprisonment would have been 46 – 57 months.[2] As Defendant states,

> Before this case he had only been incarcerated once, for 11½ months, a county jail sentence. He was classified as a career offender for three prior offenses (1) Fleeing or Attempting to Elude Police Officer (PSIR ¶¶ 30, 36), (2) Possession With Intent to Deliver (PSIR ¶¶ 30, 37) and (3) Possession With Intent to Deliver and Fleeing or Attempting to Elude Police Officer (PSIR ¶¶ 30, 40). His only jail time was for the third of these convictions. The first two convictions carried probation sentences.

To date, Defendant has served approximately 66 percent of his sentence. He is now 37 years old, and his crime occurred in 2011-12, almost a decade ago. His criminal history, as outlined in the Presentence Investigation Report, encompassed arrests from ages 18 to 27.

---

[2] Neither party addresses whether Defendant would be a career offender if sentenced today. The year after he sentenced Defendant, Judge McVerry determined that a different defendant sentenced as a career offender "should not have been classified as a Career Offender based on his prior conviction for Fleeing and Eluding." United States v. Boone, No. 12-162, 2016 U.S. Dist. LEXIS 70600 (W.D. Pa. May 31, 2016).

Although the Government contends that Defendant has demonstrated no post-sentence rehabilitation, while incarcerated, Defendant has completed a number of courses and a forklift operator certification. The Government focuses on Defendant's past history and its indication that he will continue to lack respect for the law and recidivate. I disagree, and find that he is not a danger to the community. The Probation Office has reviewed Defendant's release plan to the McKeesport home of Defendant's mother, where she resides with Defendant's disabled sister and Defendant's son, and reported that it appears appropriate. Counsel represents that Defendant's cousin has made an employment opportunity available to him.

Under all of the circumstances, and in light of Section 3582, pertinent policy statements, and applicable Section 3553 factors, I find that a shortened term of imprisonment, followed by a three-year term of supervised release, is appropriate. Such a sentence is sufficient but not greater than necessary to reflect the seriousness of Defendant's offense, promote respect for the law, afford both specific and general deterrence, provide just punishment, and protect the public from further crimes of Defendant and permit appropriate arrangements for supervision.

For the foregoing reasons, Defendant's sentence of imprisonment will be reduced to time served, subject to a 14-day period of quarantine. The BOP is to place Defendant in a 14-day period of quarantine and conduct medical clearance before release, in order to minimize the possibility of spread of COVID-19 from defendant to public. The BOP shall release Defendant as soon as practicable. This brief delay in release also will allow the BOP to make arrangements for processing his release and Probation to complete its assessment of Defendant's supervision. The Probation Office may, of course, request any necessary modifications to the terms of Defendant's supervision. Pending any such request, the term of supervised release, along with all

conditions of supervision originally imposed, shall remain in full force and effect and commence immediately upon Defendant's release.

AND NOW, this 18th day of December, 2020, IT IS SO ORDERED.

BY THE COURT:

_____
Donetta W. Ambrose
Senior Judge, U.S. District Court